UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTHONY LUNDY, *et al.*,<br><br>  Petitioners,<br>v.<br><br>DARIN BALAAM, *et al.*,<br><br>  Respondents. | Case No. 3:21-cv-00267-MMD-WGC<br><br>ORDER |

This represented Indian Civil Rights Act ("ICRA") habeas matter under 25 U.S.C. § 1303 comes before the Court: (a) on Respondent Sheriff Darin Balaam's (the "Sheriff") motion to dismiss (ECF No. 11), as well as (b) in connection with Petitioners' pending emergency motion for a temporary restraining order (ECF No. 2).

**I.  BACKGROUND**

Petitioners Anthony Lundy, Curtis Cloud, and Justin Saldana allege that they each are being held by the Sheriff on behalf of the Washoe Tribe of Nevada and California (the "Tribe"). While the underlying particulars vary with each Petitioner, they allege in broad brush, *inter alia*, that: (a) each is being held on behalf of the Tribe as a pretrial detainee on misdemeanor charges with a cash-only bail requirement that each one is unable to satisfy, particularly where allegedly no bond agencies will accept bonds in a tribal court matter; (b) Petitioners thereby have remained and will remain indefinitely in physical custody because jury trials have been postponed indefinitely in the tribal trial court due to pandemic concerns; (c) tribal court authorities allegedly have used the situation to try to pressure Petitioners to waive their right to a jury trial and accept a bench trial instead; and (d) they have no effective remedy of appellate review in the tribal courts because the tribal

appellate court allegedly is not an actually functioning judicial body. Petitioners name as Respondents the Sheriff and Serrell Smokey, who is alleged to be Tribal Chair ("Chair Smokey"). (ECF No. 1 at 2-12.)

## II. THE SHERIFF'S MOTION TO DISMISS

### A. The Sheriff Clearly is A Proper Respondent

In the motion to dismiss, the Sheriff contends that the Petition fails to state a claim upon which relief can be granted against the Sheriff because the Sheriff merely is holding Petitioners on behalf of the Tribe under a contract with the Bureau of Indian Affairs ("BIA") and the Sheriff exercises no control or authority over the Tribe's government or court system. The Court disagrees.

Under the immediate custodian rule applicable in general habeas proceedings that challenge a petitioner's current confinement, the petitioner's immediate physical custodian—rather than some remote supervisory official—clearly is *a* proper respondent if not *the* proper respondent. *See generally Rumsfeld v. Padilla*, 542 U.S. 426 (2004). In the context presented here, if the Court grants a writ of habeas corpus to Petitioners, it will direct that writ to, *inter alia*, the Sheriff, as their immediate physical custodian. The Sheriff quite clearly is properly before this Court as a respondent, and he will remain so during the pendency of this action so long as he holds the Petitioners in custody, regardless of any other entity for whom he holds them. The Sheriff's arguments to the contrary with regard to control or authority beg the question in a habeas proceeding and are not supported by any apposite authority.

### B. The Court Will Not Become Petitioners' Substitute Remote Custodian

The Sheriff asserts that, after being served with this action (a) he asked the Tribe to make alternative custody arrangements for the Petitioners until the Court rules on the habeas petition, but (b) the Tribe was "unable to commit" to do so. The Sheriff requests that the Court find another custodian for the Petitioners, *i.e.*, that the Court order the U.S. Marshals Service or the BIA to take custody of the Petitioners during the pendency of the

action "so that Petitioners can be transported to the appropriate federal facility or be released by federal authorities." (ECF No. 11 at 4.)

The Sheriff cites no supporting authority establishing that this Court has either the authority or the responsibility to act essentially as a remote supervisory custodian directing where Petitioners will be held. This Court is *adjudicating* a habeas petition seeking Petitioners' immediate *release*. In that role, the Court possibly may deny relief thereby *de facto* permitting their continued detention–by Respondents–or it instead may order their *release*, perhaps per a conditional writ grant. Nothing in that role contemplates this Court affirmatively ordering Petitioners' *continued detention*, even *pendente lite*, by a different custodian. The Sheriff's novel, and wholly unsupported, request is fundamentally at odds with the Court's role in this matter in impartially adjudicating the Petition.

Frankly, if the Sheriff no longer wishes to hold Petitioners, that is a matter between perhaps the Sheriff, the Tribe, and the BIA. It is not the Court's concern—so long as Petitioners are not moved outside the District in an attempt to avoid this Court's attached jurisdiction based on their existing custody in the District.

The motion to dismiss (ECF No. 11) therefore will be denied.

### III. SERVICE OF AND A POTENTIAL HEARING ON THE MOTION FOR A TRO

Petitioners filed a return of service on Monday, June 21, 2021, in which the private process service asserts, *inter alia*, that: (a) when service was attempted on Chair Smokey at the Tribal office on Thursday, June 17, 2021, the process server was told that the person authorized to accept legal documents was not present but would be in the office the following week (which is now this week); and (b) the process server otherwise could not locate or develop a service address for Chair Smokey otherwise, via sundry methods, including various different types of online searches. (ECF No. 14 at 2.)

The Court does not understand why service efforts apparently were stopped with a Monday midday service return without first seeking this week to effect service on the person allegedly authorized to accept legal documents. Subject to the discussion below,

the Court will hold action on the motion briefly while Petitioners either fully exhaust efforts to serve Respondent Smokey or explain why further effort is futile.

The Court notes, however, that the Sheriff's motion to dismiss reflects that the Tribe is aware of this habeas action. Rule 4 of the Federal Rules of Civil Procedure generally disfavors efforts to evade or unnecessarily complicate and frustrate service efforts. *See* Fed. R. Civ. Pro. 4(d).

In an analogous situation where federal immigration detainees are held by a local jailer under contract, federal authorities typically respond to the specific allegations of a petition, with the local jailer deferring to their response. The local jailer generally is named as a respondent principally as an arguable jurisdictional predicate.

However, in this case, the Sheriff nonetheless remains a, if not the, proper respondent in this action. If the Tribal respondent cannot be served through reasonable effort, with a possibility that Chair Smokey may be evading service with knowledge of the action, the Court will direct the Sheriff to produce the Petitioners for a hearing with the Sheriff as the responding Respondent. If Petitioners support the Petition and motion and the Sheriff is unable to establish cause for further detention, then he will be directed forthwith to immediately release Petitioners from further pretrial detention.

**IV.    CONCLUSION**

It is therefore ordered that Respondent Darin Balaam's motion to dismiss (ECF No. 11) is denied.

///

///

///

///

///

///

///

It is further ordered that Petitioners have three judicial days from the date of entry of this order to effect service on Respondent Serrell Smokey and file a second return of service reflecting either such service or explaining the futility of continued efforts to serve said Respondent.

DATED THIS 22nd Day of June 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE